UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBBY J. WAGUESPACK** | * | |
| | * | |
| **VERSUS** | * | **CASE NO. 3:16-CV-00241-JJB-RLB** |
| | * | |
| **MEDTRONIC, INC., ET AL.** | * | |

C/W

| | | |
|---|---|---|
| **STEPHEN POWELL** | * | |
| | * | |
| **VERSUS** | * | **CASE NO.: 3:16-CV-00242-JJB-EWD** |
| | * | |
| **MEDTRONIC, INC., ET AL.** | * | |

C/W

| | | |
|---|---|---|
| **LLOYD LILE LINDSEY, III** | * | |
| | * | |
| **VERSUS** | * | **CASE NO.: 3:16-CV-00243-JJB-RLB** |
| | * | |
| **MEDTRONIC, INC., ET AL.** | * | |

**ORDER GRANTING MOTIONS FOR PRELIMINARY INJUNCTION AND
ORDER DENYING MOTIONS TO TRANSFER**

This matter came before the Court on Wednesday, May 4, 2016, at 9:30 a.m. for a hearing on (1) Defendants' Motions to Transfer to the United States District Court for the District of Minnesota ("Transfer Motions") and (2) Plaintiffs' Motions for Preliminary Injunction (the "Preliminary Injunction Motions") relative to Plaintiffs' actions seeking a declaratory judgment that certain provisions in their Employment Agreements are null and void.[1]  K2M, Inc. intervened

---

[1] The Plaintiffs filed separate cases: *Waguespack v. Medtronic, Inc., et al*, 3:16-CV-00241-JJB-RLB; *Powell v. Medtronic, Inc., et al*, 3:16-CV-00242-JJB-EWD; and *Lindsey v. Medtronic, Inc., et al*, 3:16-CV-00243-JJB-RLB.  Because the Preliminary Injunction Motions and the Transfer Motions in each case are substantially similar, the Court issued a single Memorandum Opinion granting all three Preliminary

-1-

in the Plaintiffs' declaratory judgment actions on the basis that it cannot tortiously interfere with the null and void Employment Agreements at issue and such a claim against it is not valid. The following counsel were present at the hearing:

Thomas J. McGoey II, on behalf of Plaintiffs, Robby J. Waguespack, Stephen A. Powell, and Lloyd Lile Lindsey, III ("Plaintiffs");

Eric Miller and Shannon Hampton Sutherland, on behalf of Intervenor. K2M, Inc. ("K2M");

William Z. Pentelovitch, Sarah Horstmann, Matthew Bailey, and Kelly Juneau Rookard, on behalf of the Defendants, Medtronic, Inc., and Medtronic Sofamor Danek USA, Inc. (collectively, "Defendants").

Having considered the Transfer Motions and the Preliminary Injunction Motions, the arguments of counsel, the evidence in the record, the testimony presented during the hearing, and the applicable law; the Court finds as follows, as more fully set forth in the Court's Memorandum Opinion (16-cv-241: Doc. 47; 16-cv-242: Doc. 43; and 16-cv-243: Doc. 47), which is incorporated by reference:

1.  Plaintiffs' counsel provided notice of the Preliminary Injunction Motions to Defendants' counsel pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure and Rule 65 of this Court's Local Civil Rules;

2.  Defendants' counsel provided notice of the Transfer Motions to Plaintiffs' counsel pursuant to the applicable Rules;

---

Injunction Motions and denying all three Transfer Motions and hereby issues these Orders in all three cases. On May 10, 2016, the Court entered an order consolidating the three cases.

3. Waguespack signed the Louisiana Employment Agreement at 16-cv-241: Doc. No. 4-6; Powell signed the Louisiana Employment Agreement at 16-cv-242: Doc. No. 5-6; and Lindsey signed the Employment Agreement at 16-cv-243: Doc. No. 5-6;

4. Defendants contend that each of the Plaintiffs received good and valuable consideration for signing the Employment Agreements;

5. Each of the Plaintiffs has taken a position with Intervenor and wishes to sell products for Intervenor in a position that Defendants claim would be in contravention of each of their Employment Agreements;

6. Each of the Plaintiffs contends that the choice of law, choice of forum, non-competition, and non-solicitation covenants in his respective Employment Agreement are null, void and unenforceable;

7. Plaintiffs and Intervenor have demonstrated a substantial likelihood of success on the merits of their underlying claims;

8. La. Rev. Stat. § 23:921(A)(2) provides:

> The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.

9. Plaintiffs are and were, at all relevant times, residents of Louisiana;

10. Plaintiffs are and were, at all relevant times, Louisiana employees;

11. Plaintiffs did not expressly, knowingly, or voluntarily agree to or ratify a choice of forum clause or choice of law clause in their Employment Agreements after the occurrence of the

incidents which are the subject of these actions;

      12.      La. Rev. Stat. §§ 23:921(C) provides, in pertinent part:

> Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.

      13.      La. Rev. Stat. § 23:921 applies to Plaintiffs' Employment Agreements.

      14.      Defendants' First Amendment objections and Dormant Commerce Clause argument are insufficient to overcome Plaintiffs' demonstrated likelihood of success on the merits of invalidating the forum selection and choice of law clauses.

      15.      Plaintiffs' Employment Agreements do not comply with La. Rev. Stat. § 23:921(C).

      16.      Plaintiffs will suffer immediate and irreparable harm before a trial on the merits can be held due to Defendants' *ex parte* and other efforts to enforce, and Defendants' continued stated intention to enforce, the choice of forum, choice of law, non-competition, and non-solicitation provisions in Plaintiffs' Employment Agreements, including by filing suit in Minnesota and seeking injunctive relief against Plaintiffs proceeding with this first-filed action;

      17.      Unless Defendants are enjoined from proceeding with such actions, Plaintiffs will likely be prohibited from litigating in the state in which they live and work and competing against Defendants in contravention of La. Rev. Stat. § 23:921 and Louisiana's strong public policy against overly broad non-competition agreements, and Louisiana's strong public policy and reasonable conditions concerning choice of law and forum clauses in employment agreements with Louisiana employees, even though it is substantially likely that they are not bound by the terms of the aforementioned provisions of their Employment Agreements;

18. The harm that Plaintiffs would suffer if they are denied the protections afforded to Louisiana employees by being forced to litigate in and under the laws of Minnesota far outweighs any harm that Defendants could possibly suffer if they are enjoined, since the practical effect of the injunction would simply be to require Defendants to comply with labor laws in and affecting Louisiana, a state in which they have chosen to do business and from which they have benefited from sales;

19. The issuance of a preliminary injunction will promote, rather than disserve, the public interest in this case by preventing the waste of judicial resources in Minnesota, a State with only an attenuated connection to this case, and upholding Louisiana's strong public policy against overbroad non-competition agreements and strong public policies expressed in La. Rev. Stat. § 23:921; Accordingly,

**IT IS HEREBY ORDERED** that the Preliminary Injunction Motions are **GRANTED**, and a preliminary injunction shall issue herein restraining, enjoining, and prohibiting Medtronic, Inc., Medtronic Sofamor Danek USA, Inc., their respective officers, agents, servants, employees, attorneys, and anyone else acting in concert with the aforementioned individuals (including, but not limited to, Medtronic Sofamor Danek, Inc.), as follows:

(a) from appearing; filing any pleadings, motions, or other papers; seeking or obtaining any order, ruling, or relief; or proceeding in any manner with the action styled *Medtronic, Inc., et al. v. Stephen Powell, et al.*, originally filed as Civil Action No. 02-CV-16-1617, in the Tenth Judicial District Court, Anoka County, State of Minnesota, and subsequently removed to the United States District Court for the District of Minnesota and docketed as Civil Action No. 0:16-cv-00918-JNE-TNL (the "Minnesota Action"), or any other similar action heretofore filed or contemplated to be filed in the future against Plaintiffs and/or K2M;

(b) from enforcing or attempting to enforce the choice of forum, choice of law, non-competition, or non-solicitation provisions contained in Sections 4.1, 3.6, and 7.1-7.4 of Plaintiffs' Employment Agreements, or asserting any claims arising out of or related to those Employment Agreements, outside of the proceedings currently pending before this Court, against Plaintiffs and/or K2M; and

(c) from taking any action that directly or indirectly restricts, limits, or interferes in any way with this Court's jurisdiction over the claims which have been asserted by Plaintiffs and/or K2M in this lawsuit, or which otherwise arise out of or relate in any way whatsoever to Plaintiffs' prior employment with Medtronic Sofamor Danek USA, Inc. or their current employment with K2M;

**IT IS FURTHER ORDERED** that this preliminary injunction shall be in effect through the trial on the merits of this case. The parties are directed to contact Magistrate Bourgeois as soon as possible to set up a scheduling conference; and

**IT IS FURTHER ORDERED** that Plaintiffs shall furnish security in the form of a bond set at $ 500.00, which may be posted as a cash bond with the Clerk of this Court; and

**IT IS FURTHER ORDERED** that Defendants' Transfer Motions shall be, and hereby are, denied, for the reasons set forth in the Court's Memorandum Opinion (16-cv-241: Doc. 47; 16-cv-242: Doc. 43; and 16-cv-243: Doc. 47).

**THUS DONE AND SIGNED** in Baton Rouge, Louisiana, on this 11th day of May, 2016, at 3:00 PM.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**